HOUSTON, Justice
(concurring in the result in part and dissenting in part).
I wish this Court could review the judgment on the Liability Phase of this action. See Pinto v. Alabama Coalition for Equity, 662 So.2d 894, 901-10 (Ala.1995) (Houston, J., concurring in the result). However, I am persuaded that we cannot now reach that aspect of this case without resorting to judicial activism, which I have heretofore avoided.
On October 18, 1996, the Supreme Court of Illinois dismissed a constitutional challenge to the method of funding Illinois school systems as violating (1) the state constitutional equal protection clause (that state constitution, unlike Alabama’s, really has an equal protection clause); (2) the prohibition against special legislation; and (3) the education article. Committee for Educational Rights v. Edgar, 174 Ill.2d 1, 220 Ill.Dec. 166, 672 N.E.2d 1178 (1996).
Justice Freeman, who concurred in the equal protection holding, dissented from the holding that Illinois funding of the State School System did not violate the Illinois education article. Even so, in addressing any remedy, Justice Freeman wrote:
“If the trial court had ultimately entered judgment in favor of plaintiffs, then it would have been up to the legislative and executive departments of state government to re-create and reestablish a public school funding scheme that would comply with *895 the Illinois Constitution. The trial court could not have instructed the General Assembly to enact any specific legislation or to raise taxes. Likewise, the trial court could not have instructed the Governor how to implement or enforce any public school funding policy or plan. The trial court could not have retained jurisdiction of the case to enforce the court’s orders.
“It is the duty of the judicial department of Illinois government only to determine what the Illinois Constitution requires. It is the duty of the legislative and executive departments to carry out that requirement. I am confident that they would have proceeded with their duty if they had been called to do so.”
174 Ill.2d at 61, 220 Ill.Dec. at 194, 672 N.E.2d at 1206. (Citations omitted.)
I concur to remand for the trial court to vacate its judgment insofar as it concerns the Remedy Plan. I dissent from the remand with directions to retain jurisdiction for one year from the date of this Court’s certificate of judgment or for any period. A trial court has declared the Alabama educational system unconstitutional. Circumstances have denied this Court the opportunity to review the trial court’s liability order. Even so, it is the duty of the Judicial Department of Alabama government only to determine what the Constitution of Alabama requires. In my opinion, the Legislative Department and the Executive Department, and not the Judicial Department, have the power and duty to implement a plan that would make this system equitable (and hence, according to the trial court’s liability order, constitutional). I trust that the Legislative Department and the Executive Department will proceed to exercise the power and perform the duty they have been called upon to exercise and perform to make Alabama’s public educational system constitutional. The “Separation of Powers” provision of the Constitution of Alabama of 1901 (Art. III, § 43) prohibits me from doing more, without resorting to unconstitutional judicial activism, which I have heretofore avoided.